STATE OF MISSISSIPPI, USE OF ELIZA J. MOULDS, v. LYCURGUS B. VAUGHN ET AL.

SUPERVISORS. *Bond of member.    Falling bridge.    Damages.*

A person who is injured by the falling of a decayed bridge on a public road, while prudently endeavoring to cross the same, cannot maintain an action therefor upon the bond of the member of the board of supervisors in whose district the bridge was located, it not being shown that the board had failed to appoint an overseer of the road, or that the overseer had notice of the condition of the bridge and had neglected to repair it, or that the board had failed to contract for the keeping of the bridge in repair.

FROM the circuit court of Lauderdale county.

HON. GREEN B. HUDDLESTON, Judge.

The state, suing for the use of Eliza J. Moulds, the appellant, was the plaintiff in the court below.    Vaughn and the sureties on his official bond as a member of the board of supervisors, the appellees, were defendants there.    While driving along a public road, on the 5th day of September, 1898, in the district of which Vaughn was the member of the board

of supervisors, Mrs. Moulds was injured by the falling in of a decayed bridge over a stream. She drove upon the bridge prudently and exercised due care in so doing. The bridge fell because of decay in its timbers, not apparent to a traveler. She instituted her suit on the official bond of supervisor Vaughn, on the 5th day of January, 1899, the declaration averring the election and qualification of Vaughn, the execution of his official bond with his co-defendants as sureties, and his failure to inspect the bridge, but, as stated in the opinion of the court, it failed to aver the matters therein mentioned. A demurrer to the declaration was sustained by the court below, and the state, for the use of Mrs. Moulds, appealed to the supreme court.

*F. G. Lewis* and *W. T. Houston* for appellant.

That the supervisors are all liable we think clear, and if so, that one may be sued alone is provided by code 1892, §§ 2352 and 2353, or, if this be not covered by said sections, then by the common law allowing each wrongdoer to be sued separately. The supervisors are liable. *Sutton* v. *Carroll County,* 41 Miss., 236; *Baugh* v. *Lamb,* 40 Miss., 493; *Brown* v. *Lester,* 13 Smed. & M., 392; *McNutt* v. *Livingston,* 7 Smed. & M., 641; *Paxton* v. *Arthur,* 60 Miss., 832; *Rapho* v. *Moore,* 8 Am. Rep., 202; *House* v. *Montgomery County,* 28 Am. Rep., 662; *Fanning* v. *Consequa,* 8 Am. Dec., 442 and note; *Moore* v. *Kenockee,* 4 L. R. A., 558; *Amy* v. *Supervisors,* 11 Wall. (U. S.), 138. As to duty of supervisors to inspect old bridges: *Rapho* v. *Moore,* 8 Am. Rep., 205; *Moore* v. *Kenockee,* 4 L. R. A., 558. The allegation that the condition of the bridge was reasonably ascertainable by any sufficient or reasonable inspection does not imply that plaintiff was guilty of contributory negligence. But even if the supervisors were not liable at common law, they are made so by statute. Code 1892, §§ 275, 289, 1226, 3055, 3056, 3067, 3920, 3922, 3933, 3937.

*Cochran & Bozeman,* for appellee.

It is not the duty of the board of supervisors, nor of the members thereof, to inspect bridges, or to ascertain their condition or to have them repaired when dangerous, unless as is provided in code, § 2922, "when the overseer shall fail to do so after notice," and it is nowhere alleged in the declaration that the board had failed to appoint an overseer of the road in question, or that the overseer had notice of the dangerous condition of the bridge, and had failed to repair it.

There is no statute requiring the board of supervisors, or the members thereof, to post bridges as dangerous.

This court, in *Sutton* v. *Board of Carroll County,* 41 Miss., 236, held that the overseers of the road, and not the board of county police, are responsible to third persons for damages that result from a failure to keep the roads in repair. It is nowhere charged that either the board of supervisors or the appellee, Vaughn, was negligent or failed to do duty in the appointment of an overseer, or in contracting to build and keep this bridge in repair. *Brabham* v. *Hinds County,* 54 Miss., 363.

In *Worden* v. *Witt,* 39 Pac. Rep., 1114, the supreme court of Idaho, discussing a case like this, says: "To hold counties or county commissioners liable for all injuries arising from defective highways in this country, would result in two very undesirable conclusions—the literal abrogation of the office of county commissioner (for no sane man would assume the position with such a liability attached) and the bankruptcy of every county and state. Had there been any intention on the part of the legislature to impose such a liability upon the county commissioners, they would have said so by unequivocal enactment." The reasoning of the Idaho court applies to the conditions existing in this state, and should control in the case at bar.

Argued orally by *W. T. Houston,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

The duty of inspection imposed by § 3935, code of 1892, has been taken away by the repeal of that section (Laws 1894, chapter 67). The only statute which could save appellant's case would be, if any, § 3922, code 1892. But the declaration nowhere avers that the board had failed to appoint an overseer of the road in question, or that this overseer had notice of the dangerous condition of the bridge in question, and had failed to repair it. · Nor is it averred that the board had failed to contract for the building and keeping in repair of the bridge, as authorized by § 3937 of the code. On this declaration *Sutton·* v. *Carroll County,* 41 Miss., 236, and *Brabham* v. *Hinds County,* 54 Miss., 363, are decisive against appellant.